

**CT Corporation**

**Service of Process Transmittal**
03/15/2011
CT Log Number 518190331

**TO:** Robert H Obringer, General Counsel
Phillips & Cohen Associates, Ltd.
1002 Justison Street
Wilmington, DE 19801

**RE:** **Process Served in Wisconsin**

**FOR:** Phillips & Cohen Associates, Ltd. (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Kevin Scheunemann, Pltf. vs. Phillips & Cohen Associates, Dft. *Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Washington County Circuit Court, WI<br>Case # 11 CV 306 |
| **NATURE OF ACTION:** | Plaintiff demands judgment against the defendant for violation of the Fair Debt Collections Practices (FDCPA), Telephone Consumer Protection Act (TCPA) and Wisconsin Consumer Act (WCA) |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/15/2011 at 13:10 |
| **JURISDICTION SERVED:** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 45 days of receiving this Summons - Written Answer |
| **ATTORNEY(S) / SENDER(S):** | Kevin Scheunemann<br>210 Dream Catcher<br>Kewaskum, WI 53040<br>262-339-5425 |
| **REMARKS:** | Even though document(s) are addressed to Phillips & Cohen Associates, the Wisconsin Department of Financial Institutions indicates the only entity registered beginning with that name is Phillips & Cohen Associates, Ltd. Please note the process server underlined, circled, initialed and/or highlighted the entity being served prior to receipt by C T Corporation System |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/15/2011, Expected Purge Date: 03/20/2011<br>Image SOP<br>Email Notification, Kathleen Treuil ktreuil@sessions-law.biz<br>Email Notification, Marlene Mascari mmascari@sessions-law.biz<br>Email Notification, Michael Donnelly mdonnelly@sessions-law.biz<br>Email Notification, James Schultz jschultz@sessions-law.biz<br>Email Notification, Robert H Obringer robringer@phillips-cohen.com<br>Email Notification, Shawnette Graham sgraham@phillips-cohen.com<br>Email Notification, Howard Enders henders@phillips-cohen.com<br>Email Notification, Lisa Sapp lsapp@phillips-cohen.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tamara Horn |

Page 1 of 2 / TH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# Service of Process Transmittal
03/15/2011
CT Log Number 518190331

**TO:** Robert H Obringer, General Counsel
Phillips & Cohen Associates, Ltd.
1002 Justison Street
Wilmington, DE 19801

**RE:** **Process Served in Wisconsin**

**FOR:** Phillips & Cohen Associates, Ltd. (Domestic State: NJ)

**ADDRESS:** 8040 Excelsior Drive
Suite 200
Madison, WI 53717
**TELEPHONE:** 608-833-4821

Page 2 of 2 / TH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040

                Plaintiff,

Vs.    Case # '11 CV 0306
      Code No. 30107

Phillips & Cohen Associates
695 Rancocas Rd
Westampton, NJ 08060

Process Server address:
Phillips & Cohen Associates
C T CORPORATION SYSTEM
8040 EXCELSIOR DRIVE, SUITE 200
MADISON, WI 53717

                Defendant,

## SUMMONS

**THE STATE OF WISCONSIN, To each person named above as a Defendant:**

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The complaint, which is attached, states the nature and basis of the legal action.

Within (45) days of receiving this summons, you must respond with a written answer, as that term is used in chapter 802 of the Wisconsin Statutes, to the complaint. The court may reject or disregard an answer that does not follow the requirements of the statutes. The answer must be sent or delivered to the court, whose address is 432 E. Washington St. West Bend, WI 53090 and to Kevin Scheunemann, Plaintiff, whose address is 210 Dream Catcher Dr, Kewaskum, WI 53040. You may have an attorney help or represent you.

If you do not provide a proper answer within (45) days, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated in Washington County, Wisconsin this _____ day of _____ 2011.

By: _____

Kevin Scheunemann
210 Dream Catcher
Kewaskum, WI 53040

STATE OF WISCONSIN    CIRCUIT COURT    WASHINGTON COUNTY

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040
                    Plaintiff,

Vs.                      Case # '11 CV 0 3 0 6
                      Code No. 30107

Phillips & Cohen Associates
695 Rancocas Rd
Westampton, NJ 08060

Process Server address:
Phillips & Cohen Associates
C T CORPORATION SYSTEM
8040 EXCELSIOR DRIVE, SUITE 200
MADISON, WI 53717
                      Defendant,

                                            COMPLAINT
                           ***Amount Claimed is over $5000

## COMPLAINT

## I. INTRODUCTION

Now comes the Plaintiff, Kevin Scheunemann for a cause of action against the above named Defendants, alleges and shows to the court as follows:

1. This is an action for damages brought by an individual consumer under Wisconsin Consumer Act, Wis. Stat. § 427, which prohibits debt collectors from engaging in abusive, oppressive, deceptive, and unfair practices. **Specifically DFI-BKG 74.16 (5) defines calling a consumer at home or work after consumer telling debt collector to cease such activity is defined as "deceptive" and "oppressive".** These illegal practices violate the Fair Debt Collections Practices (FDCPA), Telephone Consumer Protection Act (TCPA), and Wisconsin Consumer Act (WCA).

## II. JURISDICTION AND VENUE

2. Wisconsin Circuit Courts are competent to hear state claims, under state law, in the county where the claim arose.   These claims arose in Washington County.

## III. PARTIES

3. Plaintiff, Kevin Scheunemann, is a natural persons residing in Kewaskum, Wisconsin.

**4.** Defendant, Phillips & Cohen Associates (hereinafter "PHILLIPS"), is based in Newark, DE.  PHILLIPS  is engaged in the business of collecting debts in this state, under a myriad of different names, with its principle place of business located at 695 Rancocas Rd, Westampton, NJ 08060. The principal purpose of Defendant, Phillips, is the collection of debts using the mail, telephone and court system. Defendant regularly attempts to collect debts alleged to be due another.   "Portfolio Asset" is a junk debt buyer, allege to be Phillip's client for the debt collection claim.

5. Plaintiff is a "consumer", and "debtor" as defined by the Wisconsin Consumer Act.

6. Defendants are "debt collectors", and engage in "debt collection", as defined by the Wisconsin Consumer Act Wis. Stat. § 427.103.

## IV. FACTUAL ALLEGATIONS

7. Defendant, PHILLIPS has had a long history debt collection violations and lawsuits involving debt collection violations.

8. On or about 12/4/07, Plaintiff, Kevin Scheunemann was contacted by Defendant, PHILLIPS, over an alleged claim from "Bank of America". Claim #6717244.  This letter included, "As perhaps you are not aware, legal action is one of these alternatives."   It further stated, "....ACTION MAY BE BROUGHT AGAINST YOU WITHOUT FURTHER NOTICE." Kevin Scheunemann wrote PHILLIPS on 12/7/07 asking for signed documentation of the alleged claim.  .

9. PHILLIPS did not provide any FDCPA validation or meet any of the document requests, but invaded Kevin Scheunemann's privacy on 3/11/08 with an offer over the ALLEGED debt.

10. The Phillips letter included abusive legal threats, "As perhaps you are not aware, legal action is one of these alternatives."   It further stated, "....ACTION MAY BE BROUGHT AGAINST YOU WITHOUT FURTHER NOTICE."   Kevin Scheunemann wrote PHILLIPS on 12/7/07 asking for signed documentation of the alleged claim.

11. This notice and demand to PHILLIPS, by Scheunemann, **also included a permanent demand to cease telephone communication at Scheunemann's home and workplace and is still in force.**

12. Kevin Scheunemann believes both these letters made false and deceptive legal threats. Mr. Scheunemann relied on these deceptive threats to his detriment.

13. Kevin Scheunemann believes PHILLIPS is dispensing legal advice and conducting unauthorized practice of law to Wisconsin residents.

14. PHILLIPS has no members of the Wisconsin Bar Association and is not authorized to make legal threats reserved for members of the Wisconsin Bar association.

15. In 2010, Plaintiff changed his home phone number to insure Phillips did not continue its continuous and ongoing campaign of telephone debt collection harassment.

16. In 2011, Phillips auto dialer began calling Kevin Scheunemann at home. On 1/15/11, Scheunemann sent another letter, yet again telling Phillips to stop calling him at home.

17. On 2/7/11 at 12:42 P.M. Scheunemann got fed up with the constant auto dialer messages from Phillips and returned the phone call as instructed by the auto dialer. The collector for PHILLIPS that answered the phone refused to stop further calls to Scheunemann's residence despite Scheunemann's immediate verbal demand. The call again came from 1-866-504-9784 a phone number registered to PHILLIPS.

18. On 2/18/11 at 11:20 A.M., despite 2 previous written and one verbal demand to cease phone calls to his home residence, Phillips auto dialer once again called Scheunemann at home! The call again came from 1-866-504-9784.

19. At no time did Kevin Scheunemann give prior permission to Phillips, under the TCPA, to call Scheunemann at home with his 262-626-2364 home phone number. The junk debt buyer, Portfolio Asset, never received prior permission from Scheunemann to conduct a telephone campaign of harassment and privacy invasion.

20. Scheunemann returned the auto dialer phone call once again. Scheunemann was shuffled to a Phillips Florida office and to a collector named "Jamie". Jamie refused to give her last name or identify herself further as requested by Scheunemann. Jamie refused to give an Phillips employee I.D. number. Jamie refused to honor Scheunemann's previous phone cease demands when Scheunemann asked her to have

his home phone taken off Phillips auto dialer list. Jamie told Scheunemann that they can do this and the law does not apply to them.

21.  Scheunemann was then transferred to John Higgins (hereinafter "Higgins"), alleged to be a supervisor for Phillips. Scheunemann demanded documentation of claim. Higgins said he had "no documentation" of the claim and would put a request in [to Portfolio Asset] for documentation. Higgins indicated he had made absolutely no review of any documentation.

22.  Higgins indicated he did not receive the phone call cease notice. Scheunemann agreed to fax it over and did so that same day. (Exhibit A)

23.  Higgins indicated he would recommend the debt claim for "further collection activity". Scheunemann asked what that meant. Higgins clarified he would recommend "further collection action". Scheunemann further asked what "further collection action" meant. Higgins further indicated he would recommend his client [Portfolio Asset] pursue remedies under the "default section" of the cardholder agreement. Scheunemann asked, "so you do have a copy of the cardholder agreement?" Scheunemann wanted a copy of the cardholder agreement sent right over. Higgins then admitted he did not have it [the cardholder agreement], and hung up. **Phillips shows no signs of discontinuing its illegal debt collection campaign against Kevin Scheunemann.**

24.  As a result of the acts alleged above, Plaintiffs, Kevin & Karen Scheunemann suffered headaches, nausea, embarrassment, humiliation, mental anguish, and incurred missed time at work for sickness.

# V. Claims

25. Plaintiff repeats and realleges and incorporates by reference paragraphs one through twenty-four above.

26. Defendant, Phillips has:

  a.) **Violated the Fair Debt Collections Practices Act (FDCPA), which violates Wisconsin Consumer Act as prohibited "oppressive" and "deceptive" practices under DFI-BKG 74.16(9),**
  b.) **Violated the Wisconsin Consumer Act (WCA) under Wis. Stat. § 427.104 (1) (h), Wis. Stat. § 427.104 (1) (j), Wis. Stat. § 427.104 (1) (g),**

      c.) Violated the Telephone Consumer Protection Act (TCPA) on multiple occasions,

      d.) Violated the Wisconsin Deceptive Trade practice Act (DTPA),

      e.) Invaded the privacy of Plaintiff,

      f.) Intentionally inflicted emotional distress on Plaintiff,

      g.) Negligently trained and supervised employees.

## VI. PRAYER FOR RELIEF

27. WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendants for the following:

    A. Declaratory judgment that Defendants' conduct violated the Wisconsin Consumer Act.

    B. Wisconsin Consumer Act actual damages under Wis. Stat. § 427.105 (1) of no less than $50,000.

    C. Damages under Wis. Stat. § 427.105 (1) for emotional distress and mental anguish.

    D. Statutory damages pursuant to Wis. Stat. § 427.105 (1) & Wis. Stat. § 425.304.

    E. Costs and reasonable attorney fees pursuant to Wis. Stat. § 425.308.

    F. Punitive Damages under Wis. Stat. § 895.043.

    G. Pecuniary losses under Wis. Stat. § 100.18 of no less than $100,000.

    H. Damages under TCPA at $1500/illegal phone call.

    I. Declaration of personal Liability for any damage award in favor of Plaintiffs, against owners of Defendant under Wis. Stat. § 425.310.

    J. Permanent court restraining Order, specifically enforcing the Wisconsin Consumer Act under Wis. Stat. § 427.104 (1) (j) and DFI-BKG 74.16 (5), prohibiting Defendant from contacting Plaintiff by telephone.

    K. For such other and further relief as may be just and proper.

Respectfully submitted,
Kevin Scheunemann
210 Dream Catcher
Kewaskum, WI 53040

## TRIAL BY JURY DEMANDED

Dated in Washington County, Wisconsin this 16th day of Mar 2011.

By: _____

Kevin Scheunemann
210 Dream Catcher
Kewaskum, WI 53040
262-339-5425

Kevin Scheunemann
210 Dream Catcher Dr.
Kewaskum, WI 53040

1/15/11

Phillips & Cohen
Mail Stop: 591
1002 Justison Stret
Wilmington, DE 19801-5148

Re: 1767972

To whom it may concern;

Be advised that this is a refusal to pay, and a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is NOT a request for "verification" or proof of my mailing address, but a request for VALIDATION made pursuant to the above named Title and Section. I respectfully request that your offices provide me with competent evidence that I have any legal obligation to pay you.

Please provide me with the following:

1.) What the money you claim I owe;
2.) Explain and show me how you calculated that amount; including copies all statements incurring the charges. Please produce the account and general ledger statement showing the full accounting of the alleged obligation that you are now attempting to collect.
3.) Please furnish a copy of the original promissory note redacting my social security number to prevent identify theft and state under penalty of perjury that your client is the holder in due course of the promissory note and will produce the original for my own and a judge's inspection should there be a trial to contest these matters.
4.) Please identify by name and address all persons, corporations, associations, or any other parties having an interest in legal proceedings regarding the alleged debt.
5.) Please verify under penalty of perjury, that as a debt collector, you have not purchased evidence of debt and are proceeding with collection activity in the name of the original maker of the note.
6.) Please verify under penalty of perjury that you know and understand that credit card contracts are a series of continuing offers to contract and as such are nontransferable.
7.) Please provide verification from the stated creditor that you are authorized to act for them.
8.) Please verify that you know and understand that contacting me again after receipt of this notice without providing procedurally proper validation of the debt constitutes the use of interstate communications in a scheme of fraud by advancing a writing, which you know is false with the intention that others rely on the written communication to their detriment.
9.) Prove the Statute of Limitations has not expired on this account;
10.) Show me that you are licensed to collect in my state;
11.) Provide me with your license numbers and Registered Agent;
12.) Indicate whether this debt has been assigned or purchased by you;
13.) Provide copies of the purchase agreement or assignment in #12 between your firm and the original creditor.
14.) Please provide evidence of "authorized use" under 15 USC 1643(b). Please document every transaction and make originals available for inspection!

**THE WISCONSIN CONSUMER ACT, WISCONSIN STATUE, CHAPTER 422 & 425, ALSO ENTITLES ME TO ALL THIS INFORMATION BEFORE YOUR ORGANIZATION CAN HOLD ME LIABLE FOR AN ALLEGED CONSUMER DEBT IN WISCONSIN.**

All of these validation items are required to be provided at no charge.

At this time I will also inform you that if your offices have reported invalidated information to any of the 3 major Credit Bureau's (Equifax, Experian or TransUnion) this action might constitute fraud under both Federal and State laws. Due to this fact, if any

negative mark is found on any of my credit reports by your company or the company that you represent I will not hesitate in bringing legal action against you for the following:

Violation of the Fair Credit Reporting Act
Violation of the Fair Debt Collection Practices Act
Defamation of Character
If your offices are able to provide the proper documentation as requested in the following Declaration, I will require at least 30 days to investigate this information and during such time all collection activity must cease and desist.

Also during this validation period, if any action is taken which could be considered detrimental to any of my credit reports, I will consult with my legal counsel for suit. This includes any listing any information to a credit reporting repository that could be inaccurate or invalidated or verifying an account as accurate when in fact there is no provided proof that it is.

<u>If your offices fail to respond to this validation request within 30 days from the date of your receipt, all references to this account must be deleted and completely removed from my credit file and a copy of such deletion request shall be sent to me immediately.</u>

I would also like to request, in writing, that no telephone contact be made by your offices to my home or to my place of employment. If your offices attempt telephone communication with me, including but not limited to computer generated calls and calls or correspondence sent to or with any third parties, it will be considered harassment and I will have no choice but to file suit. All future communications with me MUST be done in writing and sent to the address noted in this letter by USPS.

<u>Our personal information has also been compromised by the State of WI and 3rd party fraud may have occurred on any alleged account you claim.</u>

If there is an underlying arbitration clause in the alleged agreement that waives your right to litigate this claim in court, we hereby invoke it.

If you feel the FDCPA does not apply then read the following:

**Please be advised that we dispute the claimed debt(s) described above.**

**Please provide any contract or agreement we signed and an account history showing how you arrived at the conclusion that we owe the amounts claimed and when this alleged debt(s) was charged off.**

**Furthermore, you are hereby requested, as required by the Uniform Commercial Code, to provide copies of assignments and other documents showing that you or your principal is in fact the assignee of the debt(s) described above and that you are legally authorized to attempt to collect the claimed debt(s) from us.**

**Unless and until such proof is furnished, we do not recognize any right on your part to attempt to collect any amount from us through any means whatever, including credit reporting. We refuse to pay any debt which has not been substantiated in the manner we request and direct you to cease further communications unless and until you can provide such substantiation.**

Until all of the requested information is provided above, because I do not know who you are or what you are talking about,

I DISPUTE!

Thank you,


Kevin Scheunemann